### NATIONAL SUPPLY CO. v. HART COTTON MACHINE CO.

No. 14945—Opinion Filed Feb. 3, 1925.

### Sales—Contract of Purchase—Warranty of Quality.

Where a certain commodity is purchased under a clear and unambiguous contract and action is thereafter brought on such contract to recover the purchase price, in order for the defense of breach of express written warranty of quality to be available the warranty relied on must relate to the particular commodity purchased. It is therefore prejudicially erroneous for the trial court to admit in evidence in support of this defense an alleged written warranty of quality of another and different commodity than that purchased under the sales contract.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error · from District Court, Grady County; Will Linn, Judge.

Action by the National Supply Company against the Hart Cotton Machine Company to recover upon a contract for merchandise sold and delivered by plaintiff to defendant. Judgment for defendant, and plaintiff brings error. Reversed.

On May 31, 1919, the plaintiff filed its petition in the district court of Grady county, Okla., in which it was alleged that the defendant was indebted to plaintiff for goods, wares, and merchandise which plaintiff sold and delivered to the defendant upon a written order, signed by the defendant, in the sum of $303.84, attaching to said petition a copy of the order, and an itemized and verified statement, showing the amount of material purchased, and the amount due, and asked for judgment against the defendant for said sum of $303.84, together with interest thereon at the rate of six per cent. per annum.

To this petition the defendant, on June 20, 1919, filed its answer, and denied that it was indebted to the plaintiff in the sum of $303.84, or any other sum; admitted that it purchased from the plaintiff the merchandise as alleged in plaintiff's petition, but denied that the signed order attached to plaintiff's petition was the full contract upon which the same was purchased. Defendant then alleged that prior to and contemporaneous with the execution and delivery of the signed order, plaintiff's traveling salesman verbally represented and stated to the defendant that the roofing cement, when properly applied to the roof of defendant's building, would prevent the same from leaking; that said traveling salesman had with him a certain pamphlet, and particularly called defendant's attention to the guarantee of such product as described in such pamphlet; that said defendant would not have purchased said material had it not been for the guarantee set out in said pamphlet, and the representations of the said salesman, and that the moving consideration for the purchase of such product and the making of such contract was that such product would, if properly applied, prevent the roof from leaking. It was further alleged that the pamphlet was by agreement of the parties made a part of the contract of purchase; that the roof cement was received and applied as directed; that such

material was entirely worthless, and did not prevent the roof from leaking; that the statements contained in said pamphlet and the representations of the plaintiff's salesman were material representations, and made for the purpose of inducing the defendant to enter into such contract, and that plaintiff at the time had no intention of performing such promises, and carrying out the terms of such contract.

Plaintiff filed a demurrer to the answer of the defendant on January 9, 1922, which was overruled and exceptions saved, and on the same day filed a reply, consisting of a general denial, and said cause was thereupon tried before a jury, and resulted in a verdict and judgment in favor of the defendant.

After unsuccessful motion for new trial plaintiff has brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

Barefoot & Carmichael, for plaintiff in error.

Bond, Melton & Melton, for defendant in error.

Opinion by LOGSDON, C. There are ten assignments of error in the petition in error, but these are all grouped and discussed under two propositions in the briefs. The first of these propositions reads:

"First. The merchandise having been purchased by the defendant and delivered by the plaintiff under a written order, which was clear, unambiguous and certain parol evidence was inadmissible to contradict, vary, or add to the terms of such written contract.

"Second. Since the written contract of purchase contained no warranty as to the quality of the the goods sold, parol evidence was not admissible to how a contemporaneous verbal guarantee that the roof cement would stop the leaks in defendant's building."

It appears from the record that in February, 1918, one Mayhew visited the defendant's office in Chickasha representing the National Supply Company, and sold to the defendant a bill of merchandise on which this action is based. The National Supply Company manufactures and sells through traveling representatives certain roofing materials. At the time of Mayhew's visit defendant had a leaky roof, and Mayhew represented to defendant that the roof cement put out by his company would stop these leaks if applied according to directions. The

roof of defendant was a tin roof. During the conversation Mayhew gave to the defendant a certain pamphlet advertising a certain roofing material also manufactured and sold by the National Supply Company. It is claimed by defendant that this pamphlet became a part of the original contract of purchase, and constituted a written guarantee of the things which Mayhew claimed for the roofing cement. The written order signed by defendant at the time of this transaction described the merchandise purchased thus:

"7 barrels Roof Cement at 8c per lb."

The pamphlet, which defendant claimed to constitute a written guarantee of the quality of this roof cement which was sold to him to apply on his tin roof, contains the following language in its heading:

"Trade          NSCO          Mark

"Rubber Roof Coating for rubber composition, canvas, paper, gravel and prepared roofs. Manufactured only by National Supply Co., Birmingham, Ala."

In the body of the pamphlet in the third paragraph thereof, occurs this language:

"NSCO Rubber Roof Coating is especially adapted for use on rubber composition, canvas, paper, gravel and other prepared roofs of all kinds as it readily penetrates the body upon which it is applied, renewing its life and restoring it to its natural condition. Fills the small holes and cracks, cementing the surface, making the roof tight and renders the body water and weather proof."

The last paragraph of the pamphlet gives directions for applying this particular product in this language:

"Before applying NSCO Rubber Roof Coating the surface on which it is to be applied should be thoroughly cleaned and the coating should be applied with a three or four knot brush."

John Stein, superintendent of defendant's plant, testified in substance that he was present when Mayhew sold his roofing cement to the defendant, and that he went up on the roof with Mayhew and Mr. Wright, who was secretary of the defendant company. His purpose in going upon the roof was that Mayhew might instruct him as to the manner of applying the roof cement as he, Stein, would be the one who would direct the repairing of the roof when the cement arrived. In reference to Mayhew's instructions he testified as follows:

"He went up on the roof with us—it was a seam roof, or metal roof, seamed ridges to it—told us to hammer these ridges down and spread this cement on it, takes a board. I don't remember just what length now, but

to put some blocks to hold it up something like a fourth of an inch off the iron, and to push this back and forth over it to level it down."

He further stated that the cement was thereafter applied according to these directions. This is the character of testimony relied upon by defendant to establish the written guarantee which it claimed constituted a defense to plaintiff's action, and it shows how utterly unreasonable and untenable such claim is. Defendant was directed by Mayhew to apply the roofing cement which he had purchased by leveling it with a board on the surface of the tin roof. As constituting a written guarantee of the quality of this roofing cement defendant relies upon the printed pamphlet describing Rubber Roof Coating, which is a liquid to be applied with a three or four knot brush and is sold and recommended for use only on rubber composition, canvas, paper, gravel, and prepared roofs. To the introduction of this pamphlet as evidence to establish the written guarantee claimed by defendant, plaintiff objected, but the same was admitted over its objection and exception. This action of the trial court in admitting this printed pamphlet describing Rubber Roof Coating was clearly erroneous and, prejudicial to the substantial rights of the plaintiff.

The written order for the 7 barrels of roof cement which was signed by the defendant is clear and unambiguous, and expressly states what plaintiff sold and what defendant purchased. It is, therefore, clear that with this written contract introduced in evidence it was prejudicially erroneous for the trial court to admit oral testimony of statements and representations made by Mayhew to the defendant to induce the purchase of the merchandise. The written contract between the parties could not be thus varied and new meaning and different effect be given to it by the recollection of witnesses as to what Mayhew said in boosting the sale. This is elementary and does not require a citation of authorities.

It is, therefore, concluded upon the whole case that the trial court erred in overruling the motion of plaintiff for a directed verdict in this action. The judgment of the trial court should, therefore, be reversed, with directions to vacate its judgment herein and to grant plaintiff a new trial in the action, and for further proceedings in conformity with the views herein expressed.

By the Court: It is so ordered.